UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
TRUSTEES OF SHEET METAL WORKERS
INTERNATIONAL ASSOCIATION LOCAL NO.
38 VACATION FUND, *et al.*,

                        Plaintiffs,

    - against -

NOVAK FRANCELLA, LLC,

                        Defendant.
-----------------------------------------------------------------

**ORDER**

16-CV-8315 (CS)

Seibel, J.

      In a bench ruling on September 26, 2019 – familiarity with which is presumed – I granted summary judgment to Defendant on Plaintiffs' claim for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, which was the only claim as to which the Court had original jurisdiction. (*See* Doc. 114.) At the time, I was under the impression that the Court had diversity jurisdiction over the remaining state-law claims, and I therefore addressed those claims, granting summary judgment as to Plaintiffs' claims for breach of contract, fraudulent misrepresentation, and silent fraud, and denying summary judgment as to Plaintiff's claims for professional malpractice and negligent misrepresentation to the extent those claims relate to the three client funds and date from October 25, 2013 to October 25, 2016. (*See id.*) It has now come to my attention, from the parties' proposed Joint Final Pretrial Order, (Doc. 111 at 2), that a member of Defendant is a citizen of New York, as are Plaintiffs, and that I thus do not have diversity jurisdiction. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000) (for purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership). This raises the

issue as to whether I should exercise supplemental jurisdiction over the remaining state-law claims and whether I should have exercised supplemental jurisdiction over the dismissed state-law claims.

A district court "may decline to exercise supplemental jurisdiction over" a state-law claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The "traditional 'values of judicial economy, convenience, fairness, and comity'" weigh in favor of declining to exercise supplemental jurisdiction where all federal law claims are eliminated before trial. *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). The *Cohill* Court instructed that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." 484 U.S. at 350 n.7; *see Walker v. Time Life Films, Inc.,* 784 F.2d 44, 53 (2d Cir. 1986) ("[F]ederal courts, absent exceptional circumstances, should abstain from exercising pendent jurisdiction when federal claims in a case can be disposed of by summary judgment.").

The value of comity alone tips the balance in favor of declining to exercise supplemental jurisdiction. Plaintiffs' central complaint here is that Defendant's conduct as Plaintiffs' accounting firm failed to meet professional standards. While Plaintiffs are funds governed by ERISA, that statute does not cover the conduct challenged here, and I know of no other federal interests or policies implicated by this case. A trial in this case in federal court would require me to apply state substantive law. *See MacIntyre v. Moore*, 335 F. Supp. 3d 402, 413 (W.D.N.Y. 2018). Nor can I discern any "extraordinary inconvenience or inequity occasioned by permitting the claims to be refiled in state court where they will be afforded a surer-footed reading of applicable law." *Kolari*, 455 F.3d 123 (internal quotation marks omitted). The Court has

handled only one set of motions in this case; the parties have only just begun their preparations for trial; no firm trial date has been set; and Plaintiffs are free to re-file their claims in state court. *See id.* & n.6. There is no realistic danger of local bias, particularly because there are New York litigants on both sides. *See, e.g.*, *Roberts v. Amica Mut. Ins. Co.*, No. 14-CV-1589, 2015 WL 7458510, at *3 (D. Conn. Nov. 24, 2015) ("Diversity jurisdiction exists in order to ensure that non-resident litigants are free from the potential of local bias."). And by declining to exercise supplemental jurisdiction, the Court can preserve scarce federal judicial resources. *See Rounseville v. Zahl*, 13 F.3d 625, 631 (2d Cir. 1994).

Simply put, this is the "usual case," *Cohill*, 484 U.S. at 350 n.7, and I therefore decline to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims. The same analysis would have governed at the time of my summary judgment ruling, but I did not undertake it in the erroneous belief that supplemental jurisdiction was not at issue because I had diversity jurisdiction over the state-law claims. Had I realized that I did not, I would have dismissed all of the state-law claims without prejudice. I therefore, in the interests of comity and fairness, vacate my dismissal with prejudice of the claims for breach of contract, fraudulent misrepresentation, and silent fraud, and instead dismiss those claims, as well as the claims for professional malpractice and negligent misrepresentation, without prejudice.

The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: January 22, 2020
      White Plains, New York

                                                */s/ Cathy Seibel*
                                          CATHY SEIBEL, U.S.D.J.